683 F.2d 75
 ALLEN, Beverly, individually and on behalf of all others
similarly situated, Appellant in No. 81-2455,
v.
HOUSING AUTHORITY OF the COUNTY OF CHESTER; Miller, Robert
L. as Executive Director of the Housing Authority of the
County of Chester; Pistilli, Linda Myers as Director of the
Section 8 Program; Bagley, Arthur M. as Chairman of the
Housing Authority of the County of Chester; Rie, Paul as a
member of the Board of the Housing Authority of the County
of Chester; Strong, Ann L. as a member of the Board of the
Housing Authority of the County of Chester; Grow, Daniel E.
Jr. as a member of the Housing Authority of the County of
Chester; Williams, David J. as a member of the Board of the
Housing Authority of the County of Chester, Appellants in No. 81-2456.
 Nos. 81-2455, 81-2456.
 United States Court of Appeals,
Third Circuit.
 Submitted Pursuant to Rule 12(6) May 13, 1982.
Decided July 9, 1982.
 
 William E. Molchen, Kevin B. Curley, Legal Aid of Chester County, Inc., Coatesville, Pa., for Beverly Allen.
 John H. Spangler, Parke, Barnes, Byrne & Spangler, West Chester, Pa., for Housing Authority of Chester County, et al.
 Before GIBBONS and HUNTER, Circuit Judges, and GERRY,* District judge.
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge.
 
 INTRODUCTION
 
 1
 The plaintiff in this case, Beverly Allen, was denied participation in the Section 8 Existing Housing program by the Housing Authority of the County of Chester ("HACC") because she was allegedly in arrears in rent to HACC. In denying her a certificate of eligibility for participation, HACC applied its Resolution 168, which requires an applicant to obtain a certificate showing that the applicant has no outstanding balance due the Authority for rent or other charges.[1] The district court, sitting without a jury, enjoined HACC from denying a certificate of eligibility to plaintiff, and entered a judgment declaring Resolution 168 invalid on statutory grounds. For the reasons that follow, we will uphold the injunction, vacate the declaratory judgment, and remand the case to the district court for proceedings consistent with this opinion.
 
 FACTS
 
 2
 Under the Section 8 Existing Housing program, applicants found eligible for participation by a local housing authority, such as HACC, receive a Certificate of Family Participation which enables them to enter agreements for housing with private landlords. The tenant pays only a portion of his or her rent, with the remainder contributed by the housing authority. In denying plaintiff a certificate of participation in this case, HACC applied a criterion for eligibility embodied in its Resolution 168. In Vandermark v. Housing Authority of York, 663 F.2d 436 (3d Cir. 1981), we described the statutory and regulatory background underlying the promulgation by York Housing Authority of an eligibility criterion quite similar to Resolution 168. 663 F.2d at 437-38. That background discussion is applicable to the instant case, and we will not repeat it here.
 
 
 3
 In addition to administering the Section 8 Existing Housing program, defendant HACC also acts as landlord for publicly owned housing made available to low-income tenants. In 1978, while living in such housing, plaintiff applied to HACC for participation in the Section 8 Existing Housing program. On May 19, 1978, plaintiff received a letter advising her that she was eligible for the program. On January 15, 1979, plaintiff was advised by letter that her application had been accepted and that her certification of participation was ready. However, when plaintiff went to pick up her certificate, she was informed that she would not receive one because she was in arrears in rent to HACC. The alleged arrearage consisted of $1011.50 in rent for the HACC owned apartment in which plaintiff then lived. Plaintiff had withheld this rent, on the advice of counsel, on the grounds that her apartment was uninhabitable for a substantial portion of a one-year period during her tenancy.
 
 
 4
 In denying plaintiff a certificate of eligibility, HACC acted pursuant to Resolution 168, which had been promulgated by the board of the housing authority as one of its criteria for admission to the Section 8 Existing Housing program. Under Resolution 168, HACC denies certification to families who are otherwise eligible on the basis that they allegedly owe HACC "rent or other charges" arising from their current tenancy in public housing. The resolution provides in part:
 
 
 5
 Applicants who, at the time they are selected for participation, are heads of families residing in Public Housing in the County of Chester, shall be required to provide a signed statement from the Controller of the Housing Authority of the County of Chester or his/her designee, to the effect that they have no outstanding balance due the Authority for rent or other charges. No certificate will be issued to such applicants without this statement.
 
 
 6
 If the applicant does have an outstanding balance, he/she will be advised that at such time as the balance has been paid, he/she may secure a statement to that effect from the Controller and a certificate will be issued as soon as one is available.
 
 
 7
 Appendix at 292a.
 
 PROCEDURAL HISTORY
 
 8
 Plaintiff filed this action as a class action on behalf of "all applicants who currently reside in apartments owned by Defendant HACC and who have been or will be denied Section 8 benefits on the basis of inappropriate and arbitrary criteria, that being Board Resolution # 168...." Appendix at 7a. Plaintiff complained that HACC's application of Resolution 168 was contrary to the implementing statute and regulations promulgated thereunder, and that it denied her the right to equal protection and procedural due process guaranteed by the fifth and fourteenth amendments to the Constitution. Appendix at 11a.[2] The district court, by order of February 4, 1981, denied plaintiff's motion to certify the class. Appendix at 287a.
 
 
 9
 After denying motions for summary judgment from both parties, the district court conducted a non-jury trial. In its opinion and order of July 9, 1981, the court held that plaintiff's arrearage was justified by a breach of the warranty of habitability by defendant. Appendix at 294a. The court then held that Resolution 168 was violative of the statutory purposes and goals of the implementing statute, 42 U.S.C. §§ 1437-1440 (1976). Appendix at 297a.[3] The court entered judgment in favor of plaintiff, enjoined HACC from applying Resolution 168 to deny her a certificate of family participation, and entered a judgment declaring Resolution 168 invalid because it violated the purposes and goals of the statute.
 
 
 10
 Plaintiff appeals the district court's denial of her motion for class certification. Defendant appeals the court's invalidation of Resolution 168. We conclude that the district court did not abuse its discretion in ruling that plaintiff failed to prove a certifiable class, and we will affirm that ruling. However, because the district court did not clearly rule that plaintiff had an "outstanding balance due" within the meaning of Resolution 168, we conclude that this case must be remanded.
 
 DISCUSSION
 Applicability of Resolution 168
 
 11
 The district court noted in its opinion that "plaintiff is currently in arrears in her rent to the HACC in the amount of $1,011.50." Appendix at 291a. The court then reviewed the trial testimony regarding the living conditions in plaintiff's defendant-owned apartment. The court found that
 
 
 12
 plaintiff, while residing for approximately a year in her HACC apartment, was persistently subjected on an almost daily basis to a problem of overflowing water coming from her bathroom toilet and sink. At times, the overflowing water contained human waste which flooded throughout her apartment reaching levels of several inches, forcing her and her three children on several occasions to evacuate the apartment and stay at the home of the plaintiff's mother. Furthermore, during much of this time, the plaintiff was pregnant. Despite the continued efforts of the HACC to clean up and attempt to solve the water problem in the plaintiff's apartment, it persisted for several months causing damage to the plaintiff's personal property and rendering her apartment uninhabitable for human occupancy.
 
 
 13
 Appendix at 294a. Applying the standard set forth in Pugh v. Holmes, 486 Pa. 272, 405 A.2d 897 (1979), the court found a "clear breach of an implied warranty of habitability by the HACC as landlord." Appendix at 294a. The court then engaged in a statutory analysis of the validity of Resolution 168.
 
 
 14
 In proceeding to its statutory discussion, the district court did not rule expressly as to the effect of its holding of a breach upon the existence of plaintiff's arrearage in rent. The court did not specifically state that plaintiff's arrearage was eliminated by defendant's breach. However, in its statutory analysis, the court stated that "plaintiff was in arrears in her rent due to the voluntary and legally justified withholding of her rent due to a breach of an implied warranty of habitability by the HACC." Appendix at 296a. In our view, if plaintiff's entire withholding of rent was legally justified, then she was not "in arrears," and no outstanding balance was due to HACC within the meaning of Resolution 168.
 
 
 15
 We cannot determine from the record before us whether plaintiff's total withholding of rent was justified. Although the district court ruled that a "clear" breach of the warranty of habitability existed under the Pugh standard, an examination of Pugh reveals that the totality of a breach affects the tenant's right to withhold rent:
 
 
 16
 If the landlord totally breached the implied warranty of habitability, the tenant's obligation to pay rent would be abated in full.... If the landlord had not breached the warranty at all, no part of the tenant's obligation to pay rent would be abated.... If there had been a partial breach of the warranty, the obligation to pay rent would be abated in part only.
 
 
 17
 486 Pa. at 292, 405 A.2d 897. Thus, the district court's finding of a "clear" breach of the warranty of habitability leaves open the question of the totality of the breach under Pugh. The district court did not rule as to the degree to which the breach justified abatement of plaintiff's $1011.50 arrearage.
 
 
 18
 We are unable to make this factual determination on the basis of the record before us. It is the role of the district court to decide whether the abatement of plaintiff's rent was total. The possible inconsistency raised by the district court's references to plaintiff's arrearage, together with its references to plaintiff's legally justified withholding of her rent, cannot be resolved on appeal. Appendix at 296a. Moreover, there is some dispute on the record as to the amount of plaintiff's arrearage. The complaint refers to arrearage in the amount of $1151.50. Appendix at 11a. Defendant's answer quotes the figure of $1011.50, and refers to plaintiff's arrearage at the time of the answer as $1374.50. Appendix at 28a. At trial, the district court heard evidence that, after certain state proceedings had been conducted, a settlement between the parties resulted in a state court judgment against plaintiff in the amount of $642.00. Appendix at 246a-250a. The district court did not refer to the state proceedings in its opinion, in which it stated that "plaintiff is currently in arrears in her rent to the HACC in the amount of $1,011.50." Appendix at 291a.[4]
 
 
 19
 We will therefore remand this case to the district court to determine whether plaintiff had an "outstanding balance due the Authority" within the meaning of Resolution 168.
 
 Application of Vandermark
 
 20
 If the district court determines on remand that Resolution 168 was improperly applied to plaintiff, then no further examination of the resolution will be necessary. However, if on remand Resolution 168 is ruled applicable, the district court should conduct any statutory analysis in light of this court's decision in Vandermark v. Housing Authority of York, 663 F.2d 436 (3d Cir. 1981), which was filed several months after the district court's decision in the instant case.
 
 
 21
 In Vandermark, the York Housing Authority adopted a policy of denying participation in the Section 8 program to individuals who owed debts to the authority arising out of their prior occupancy in projects owned by the authority. We held that the authority's policy was consistent with the statutory and regulatory framework of the Section 8 program.
 
 
 22
 The criterion embodied in HACC's Resolution 168, denying participation to current occupants who owe debts to the authority, is similar to that upheld in Vandermark. Nevertheless, the plaintiff's brief points out several factors which she uses to distinguish between the two cases. We need not discuss these factors here. We simply hold that any statutory analysis of Resolution 168 on remand be conducted in light of the Vandermark decision.
 
 Class Certification
 
 23
 Plaintiff attempted to certify as a class in this action "all applicants who currently reside in apartments owned by defendant HACC and who have been or will be denied Section 8 benefits on the basis of inappropriate and arbitrary criteria, that being Board Resolution # 168...." Appendix at 7a. Plaintiff's argument that she did not owe HACC any rent was in effect an assertion that she was not among the class of persons to whom Resolution 168's "inappropriate and arbitrary criteria" applied. For this reason, the district court redefined the class to those persons "who have been denied Section 8 housing benefits due to rent arrears caused by a breach of the implied warranty of habitability by HACC...." Appendix at 287a. In its order of February 2, 1981, the district court denied plaintiff's motion for class certification. It ruled that plaintiff failed to satisfy the numerosity requirement of Fed.R.Civ.P. 23(a)(1) because the redefined class was not "so numerous that joinder of all members is impracticable." Appendix at 287a.
 
 
 24
 Plaintiff does not contest on appeal the district court's redefinition of the class. Furthermore, plaintiff admits that she must carry the burden of establishing the numerosity required under Fed.R.Civ.P. 23(a)(1). Appellant's Brief at 14. Our review of the record convinces us that the district court did not abuse its discretion in ruling that plaintiff failed to sustain this burden.
 
 CONCLUSION
 
 25
 For the reasons discussed, we will remand this case to the district court to determine whether Resolution 168 should have been applied to plaintiff. Pending this determination, we will leave standing the district court's order enjoining HACC from denying plaintiff a certificate of eligibility.
 
 
 26
 The district court's declaratory judgment invalidating Resolution 168 will be vacated, and the court's order denying class certification will be affirmed.
 
 
 
 *
 Honorable John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation
 
 
 [1]
 The federal Section 8 housing program, which co-sponsors low-income housing with local authorities, provides for certain eligibility requirements. 42 U.S.C. §§ 1437-1440 (1976). Under regulations promulgated by the Secretary of Housing and Urban Development ("HUD") pursuant to statutory mandate, a local housing authority may establish additional criteria for determining applicant eligibility for participation in its housing program, subject to the condition that the criteria must be reasonably related to program objectives and must receive the approval of HUD as part of the housing authority's administrative plan. 24 C.F.R. § 882.209(a)(3) (1981). See Vandermark v. Housing Authority of York, 663 F.2d 436, 438 (3d Cir. 1981). Resolution 168, promulgated by HACC under this regulatory scheme, provides as an additional criterion for eligibility in its Section 8 Existing Housing program that an applicant who currently resides in public housing owned by HACC must show that he or she has "no outstanding balance due the Authority for rent or other charges." Appendix at 292a
 
 
 [2]
 Plaintiff also asserted several contractual claims not relevant here. Appendix at 12a
 
 
 [3]
 The court expressly stated that it did not need to reach plaintiff's constitutional and contractual claims. Appendix at 298a
 
 
 [4]
 Defendant HACC apparently offered evidence of the state court proceedings to show that plaintiff's due process rights were not infringed. Appendix at 248a. Neither the parties nor the district court appears to have considered the question whether the doctrine of collateral estoppel should have been applied to the state court's judgment so as to preclude the district court's inquiry into the amount of plaintiff's arrearage. See generally 1B J. Moore, Moore's Federal Practice P 0.444(3) (2d ed. 1982) (collateral estoppel effect of consent judgments). This issue was not raised on appeal, and we will not reach it here