STATE of Tennessee, Appellee,

v.

Carl Lee McLEOD, Appellant.

STATE of Tennessee, Appellee,

v.

James YOUNG, Appellant.

Supreme Court of Tennessee,
at Nashville.

Oct. 14, 1996.

---

8. We interpret "further legal education" to mean a regular curriculum course, not a continuing legal education course.

Jeffrey A. Devasher, Senior Assistant Public Defender, Pat McNally, Assistant Public Defender, Nashville, for Appellant McLeod.

James Young, pro se.

Mark J. Fishburn, Nashville, for Appellant Young.

Charles W. Burson, Attorney General & Reporter, Michael E. Moore, Solicitor General, Gordon W. Smith, Associate Solicitor General, Nicholas D. Bailey, Assistant District Attorney General, Nashille, T. Michael Bottoms, District Attorney General, Lawrenceburg, Robert C. Sanders, Assistant District Attorney General, Columbia, for State.

### *OPINION*

BIRCH, Chief Justice.

This consolidated appeal centers our attention on the broad, growing problem in child abuse cases of the admissibility of statements made by children during the course of a medical examination. The precise difficulty arises in attempting to apply evidentiary rules drafted with adults in mind to cases

involving children. Problems notwithstanding, we must achieve a balance that fosters the important governmental interest in protecting children while maintaining fundamental fairness.

In each case before us, the trial court, pursuant to Tenn. R. Evid. 803(4), permitted a physician to testify concerning out-of-court statements made by a child-declarant. At issue is whether each trial court erred in admitting the respective statements. We consolidated the cases and granted review in order to clarify the criteria for determining, in cases involving allegedly abused child-declarants, whether a statement qualifies for admission into evidence under the exception to the hearsay rule as provided in Rule 803(4).

■ For the reasons discussed below, we hold today that in order to determine the admissibility under Rule 803(4) of a statement made by a child-declarant, the trial court shall conduct an evidentiary hearing outside the jury's presence. After considering all of the relevant evidence offered pertaining to the making of the statement, the trial judge shall admit the statement into evidence upon an affirmative finding that the conditions described in the rule have been satisfied.

I

■ Statements made for the purpose of medical diagnosis and treatment are admissible as an exception to the hearsay rule under Tenn. R. Evid. 803(4). The exception provides:

Statements made for purposes of medical diagnosis and treatment describing medical history; past or present symptoms, pain, or sensations; or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis and treatment.[1]

We further observe that although Rule 803(4) ordinarily involves statements made to physicians, the scope of the rule applies to any person to whom a statement is made for purposes of or pertinent to medical diagnosis and treatment. *See, e.g., State v. Rucker*, 847 S.W.2d 512 (Tenn.Crim.App.1992)(statements made to

---

1. Tennessee Rule Evidence 803(4) differs significantly from its federal counterpart, Fed.R.Evid. 803(4), in one respect. The federal rule allows "[s]tatements made for purposes of medical diagnosis *or* treatment," while the Tennessee version of the rule requires that the physician be consulted "for purposes of medical diagnosis *and* treatment." (emphasis added).

The language of Rule 803(4) sets forth the requirements to be met before such statements may be admitted under this exception. First, the statement must have been made for the purpose of medical diagnosis and treatment, describing the medical history, which includes past or present symptoms, pain, or sensations; *or*, second, if the statement addresses the inception or general character of the cause or external source of the problem, then the information in the statement must be reasonably pertinent to diagnosis and treatment.[2]

Rule 803(4) is based upon the notion that statements made under conditions prescribed by the rule are presumptively trustworthy. Courts have reasoned that patients seeking medical assistance are strongly motivated to be truthful because accurate diagnosis and effective treatment often depend, in part, upon what patients tell health care providers. *United States v. Renville*, 779 F.2d 430, 436 (8th Cir.1985); *United States v. Iron Shell*, 633 F.2d 77, 84 (8th Cir.1980). "[T]hus[,] the declarant has a self-interested motive to tell the truth." *State v. Barone*, 852 S.W.2d 216, 220 (Tenn.1993)(*citing* Neil P. Cohen *et al.*, *Tennessee Law of Evidence* § 803(4).1 at 425 (2d ed.1990)). Moreover, if physicians or other medical personnel rely upon the statement in diagnosing and treating the patient, then the statement should be sufficiently trustworthy to be admissible in a court of law. *Id.* at 220; *State v. Edwards*, 868 S.W.2d 682, 699 (Tenn.Crim.App.1993). The patient's strong motivation to be truthful constitutes the basis for similar evidentiary

rules in other jurisdictions as we will discuss below.

This rationale, however, becomes questionable when the patient is a child because children may not be able to understand the need to be truthful in the medical setting. Nevertheless, courts must adhere to the evidentiary rules to ensure, to the extent possible, that only those out-of-court statements which satisfy the requirements of the rule are admitted into evidence.

For guidance on this issue, we turn to other jurisdictions to consider their treatment of Rule 803(4) in cases involving statements made by a child to medical personnel.[3] Some jurisdictions require the child-declarant to show knowledge of the motive for the treatment. *See, e.g., United States v. Barrett*, 8 F.3d 1296, 1300 (8th Cir.1993)(requiring "evidence that the child understood the physician's role in order to trigger the motivation to provide truthful information"); *Ring v. Erickson*, 983 F.2d 818, 820 n. 2 (8th Cir.1993)(finding that three-year-old victim who did not know she was talking to physician did not have the "selfish motive" to tell the truth; the court indicated, however, that if there had been some other indicia of reliability, the statements may have been admissible); *State v. Maldonado*, 13 Conn.App. 368, 536 A.2d 600, 602–03 (1988)(holding statement admissible where security guard enlisted to translate statement of three-year-old declarant told child he was questioning her to aid in doctor's treatment); *State v. Jones*, 625 So.2d 821, 823–24 (Fla.1993)(requiring some evidence that declarant was motivated

---

nurse). Commentators have also suggested that the Rule extends to other medical professionals and employees such as ambulance attendants, orderlies, hospital attendants, clerks, and administrative personnel. Neil P. Cohen *et al.*, *Tennessee Law on Evidence* § 803(4).6 (3d ed.1995). However, in *State v. Barone*, 852 S.W.2d 216 (Tenn.1993), we declined to apply Rule 803(4) to statements made to psychologists.

2. We are aware that *Rucker* construes Rule 803(4) differently by suggesting that there are three requirements that must be satisfied before a statement can be admitted under 803(4): "It must be established that the statement (a) was made for the purpose of medical diagnosis and treatment, (b) described the medical history of the declarant, i.e., past or present symptoms, pain, sensations, and the general character of the

cause or source thereof, *and (c) was reasonably pertinent to diagnosis and treatment.*" 847 S.W.2d at 516 (emphasis added). We construe 803(4) as having only two requirements: (1) the statement must be made for the purpose of diagnosis or treatment: (a) describing medical history, or (b) past or present symptoms, or (c) pain or sensation: or (2) the statement may address the inception, cause, or source of the problem if it is reasonably pertinent to diagnosis and treatment.

3. We note that other jurisdictions follow the federal rule and admit statements made for either diagnosis or treatment; our rule requires that the statement be made for diagnosis and treatment. Thus, ours is a stricter rule.

to speak the truth for purposes of obtaining medical treatment); *Johnson v. State,* 666 So.2d 784, 795 (Miss.1995)(requiring affirmative finding that declarant's motive in making statement was consistent with purpose of promoting treatment).

Other jurisdictions require that the declarant have a motive for making the statement surrounding the treatment but allow such motive to be inferred or presumed. *See, e.g., United States v. Iron Shell,* 633 F.2d 77, 84 (8th Cir.1980)(holding that nothing in the content of the statements suggested that declarant was responding to the doctor's questions for any reason other than promoting treatment), *cert. denied,* 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981); *Dana v. Department of Corrections,* 958 F.2d 237, 239 (8th Cir.)(despite lack of direct evidence on the issue of declarant's motivation in giving statements, court considered declarant's age, lack of inconsistencies, and graphic descriptions of abuse as weighing in favor of trustworthiness of statements), *cert. denied,* 505 U.S. 1225, 112 S.Ct. 3043, 120 L.Ed.2d 911 (1992); *Morgan v. Foretich,* 846 F.2d 941, 949 (4th Cir.1988)(young child has same motive to make true statements for purposes of diagnosis or treatment as an adult).

A third group of jurisdictions does not require a specific showing of motive; rather, they inquire whether the subject-matter of the declarant's statement was reasonably pertinent to diagnosis or treatment. *See, e.g., Clausen v. State,* 50 Ark.App. 149, 901 S.W.2d 35, 37 (1995)(court ignored question of treatment motive of three-year-old declarant and focused instead upon question whether subject-matter of statements was reasonably pertinent to diagnosis or treatment).

■ It is well established that trial courts have broad discretion in determining the admissibility of evidence, and their rulings will not be reversed absent an abuse of that discretion. *State v. Campbell,* 904 S.W.2d 608, 616 (Tenn.Crim.App.1995); *State v. Baker,* 785 S.W.2d 132, 134 (Tenn.Crim. App.1989); *see also* Tenn. R. Evid. 104. In making the determination under Rule 803(4),

trial courts must consider criteria such as the circumstances surrounding the making of the statement, which would include the timing of the statement and its contents. If the trial court finds that the statement was inappropriately influenced by another, the court should exclude it as not having been made for the purpose of diagnosis and treatment. The inquiry, however, will vary depending on the facts of each case. To illustrate: (1) the trial court may consider whether the child's statement was in response to suggestive or leading questions; and/or (2) the trial court may consider any other factor that may affect trustworthiness, such as a bitter custody battle or family feud.

■ Courts should not presume that statements by a child to a medical services provider are untrustworthy merely because there is disputable evidence of the child's motivation to be truthful. Rather, the admissibility decision should be based upon a thorough examination of all of the circumstances surrounding the statement. Although it is the responsibility of the trial court to determine, in the first instance, whether the statement will ever reach the jury, we must remember that the jury, in the final analysis, determines credibility. We now apply these principles to the cases before us.

## II

In May 1990, a Davidson County jury convicted appellant Carl Lee McLeod of seven counts of aggravated rape involving his son, his daughter TM,[4] and TM's friend. Because the issue under consideration concerns the statements made by TM to a physician, we need not address the convictions for the counts involving the other victims.

At trial, TM, then age eleven, testified that McLeod used his finger to penetrate her "private parts," and on one occasion he penetrated her with his "private part."

Paul Heil, M.D., a pediatric resident at a Davidson County medical facility, examined TM a few days after the abuse had been reported. At trial, he testified that he ob-

---

4. In cases involving sexually oriented crimes, the Court withholds the identities of young victims when appropriate.

tained a medical history from TM before performing the physical examination. Following an objection by the defendant's counsel to the testimony surrounding the history, the court conducted a jury-out evidentiary hearing. During the hearing, Heil testified that TM had sustained trauma to her genitalia consistent with having been penetrated just inside her vagina. In response to questions about the purpose of the examination and the significance of obtaining the patient's medical history, Heil testified that both were important in ascertaining whether the child needed immediate treatment for physical problems.[5]

Relevant points of his testimony are summarized as follows: Heil testified that he examined TM when she was nine years old. The examination was performed within a few days of the initial complaint. This procedure included taking a history from the child as well as conducting a physical examination. Heil denied that the purpose of the examination was to gather evidence of abuse, rather he testified that both the history and the physical examination were necessary to aid him in diagnosis and treatment. TM was examined out of the presence of her mother, and upon questioning, she told him about her medical history and the circumstances of the alleged offense that occurred when she was six. Heil testified that the physical findings of the medical examination were consistent with the history of sexual abuse given by TM.

■ The court ruled this testimony admissible pursuant to Rule 803(4), and Heil was allowed to relate the statements to the jury. On direct appeal, the intermediate court affirmed the trial court's judgment. Considering the circumstances and the entire record in light of the rule just established, we are unable to find that the trial judge abused his discretion in admitting the statements. Accordingly, we affirm the judgments of conviction and the sentences thereupon imposed.

### III

Appellant James Young was convicted of aggravated sexual battery[6] for fondling his stepdaughter, JD. At trial, JD testified that Young had on numerous occasions fondled her breasts and genital area. According to JD, Young fondled her on an almost-daily basis from May 1990 to mid-March 1991 when she reported Young's conduct to her father.

JD's father testified that he had confronted Young about JD's allegations and that Young admitted having fondled JD, apologized for the conduct, and promised never to do it again. Other witnesses established that Young had made similar admissions, apologies, and promises to other adult family

---

5. We recognize that many states include emotional, psychological, or psychiatric injuries within the 803(4) definition of "medical diagnosis and treatment." The United States Court of Appeals has acknowledged that hearsay evidence can be admitted under the medical treatment exception when the statement is made for the treatment of a nonphysical injury. *Guam v. Ignacio*, 10 F.3d 608 (9th Cir.1993). *Guam* involved the sexual abuse of a three-year-old child by her uncle. *Id.* at 610. In that case the court stated that "[s]exual abuse involves more than physical injury; the physician must [also] be attentive to treating the victim's emotional and psychological injuries...." *Id.* at 613; *See also Moore v. C.F.*, 165 B.R. 495, 498 (Bankr.M.D.Ala.1993)(extending Fed. R. Evd. 803(4) to mental health professionals; quoting the advisory committee's note that the 'statement need not have been made to a physician.'); *Morgan v. Foretich*, 846 F.2d 941, 949 (4th Cir.1988) (holding that statements to psychiatrists or psychologists are admissible under 803(4) the same as statements to physicians); *United States v.*

*Renville*, 779 F.2d 430 (8th Cir.1985)(holding that physical and psychological injuries accompany the crime of child abuse, and a physician must be able to treat both injuries); *United States v. Lechoco*, 542 F.2d 84 (D.C.Cir.1976)(applying the medical treatment exception to comments made to a psychiatrist); *People v. Wilkins*, 134 Mich.App. 39, 349 N.W.2d 815 (1984)(holding that sexual abuse includes medical, physical, and psychological components, the court held that the child's statements were reasonably necessary for diagnosis and treatment under 803(4)); *State v. Nelson*, 138 Wis.2d 418, 406 N.W.2d 385 (1987) (applying 803(4), the court stated that child abuse cases involve emotional and psychological injuries and that a child is equally as aware of the existence of emotional pain as he is of physical pain).

6. "Aggravated sexual battery" is defined as the unlawful sexual contact with a victim by the defendant or the defendant by a victim who is less than thirteen years old. Tenn.Code Ann. §§ 39–13–504(a), 39–13–502(a)(4)(1991).

members. Additionally, Young gave a written statement to a Department of Human Services (DHS) investigator in the presence of a sheriff's deputy. In this statement, Young admitted having "touched" JD's breasts and vaginal area.

Mary Overton, M.D., a board-certified pediatrician, examined JD approximately one month after the allegations surfaced. Despite objection from defendant's counsel, the trial court, without either a jury-out evidentiary hearing or a proper foundation having been laid, permitted Overton to testify, under the authority of Rule 803(4), about statements JD made during the medical examination. JD's statements to Overton were consistent with her testimony at trial concerning the events at issue.

Overton testified that she "evaluated [JD] for possible sexual abuse." During the evaluation, JD told Overton: (1) that her stepfather had fondled her; (2) that the abuse was not painful; and (3) that she attempted to persuade Young to stop the sexual abuse but was unsuccessful. Perhaps the most salient portions of Overton's testimony were her statements that the examination was for evaluative purposes; and because fondling was the alleged abuse, she did not expect to find any physical evidence.

From the scant record, we have gleaned other pertinent circumstances surrounding JD's statements to Overton. DHS arranged the examination approximately one month after the abuse was reported. JD was eight-years-old at this time, and her mother was present during the examination by Overton. The nature of the abuse made it unlikely that a physical examination would uncover trauma or other evidence of sexual abuse. Consequently, when Overton examined eight-year-old JD she observed no trauma in the genital area.

In light of all the circumstances surrounding the making of the statements, we are hard-pressed to find a basis sufficient to support the admission of JD's statements to Overton under Rule 803(4). These circumstances seem strongly to indicate that the statements were not made for the purpose of medical diagnosis and treatment as explicitly required by Rule 803(4).

In the context of Rule 803(4), diagnosis "refers to a diagnosis made for the purpose of determining what course of treatment should be prescribed for the patient." *Rucker,* 847 S.W.2d at 517. By definition, a distinction exists between statements made for diagnosis and treatment and those made for evaluation. Statements made for purposes of evaluation are less likely to be viewed as reliable in the sense that they may have been affected by the prospect of litigation. *See* Cohen, *supra,* § 803(4).2. Thus, we conclude that admission of the statements was an abuse of discretion and constitutes error.

The trial court's error, however, does not justify reversal of the judgment. JD's testimony was clear, cogent, and unwavering. Moreover, Young admitted his misconduct to three persons and also provided a written statement to investigators. In light of such compelling evidence, it is hardly conceivable that the outcome of the trial would have been different had the statements not been presented to the jury. Accordingly, we find the error harmless. Tenn. R.App. P. 36(b); Tenn. R.Crim. P. 52(a). The judgment of the Court of Criminal Appeals is affirmed.

DROWOTA, ANDERSON, REID and WHITE, JJ., concur.