IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 15, 2003

## STATE OF TENNESSEE v. CARLOS SALVADOR ANGEL, JR.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-B-858     Cheryl Blackburn, Judge**

---

**No. M2002-02982-CCA-R3-CD - Filed February 27, 2004**

---

The Appellant, Carlos Salvador Angel, Jr., was convicted of aggravated sexual battery by a Davidson County jury and sentenced to ten years in the Department of Correction. On appeal, Angel argues that: (1) the admission of testimony by his former girlfriend, who was not the victim in this case, was irrelevant and unduly prejudicial and (2) the ten-year sentence imposed was excessive. After review of the record, the judgment of conviction and sentence are affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH, J. and THOMAS T. WOODALL, J., joined.

Cynthia F. Burnes, Nashville, Tennessee, for the Appellant, Carlos Salvador Angel, Jr.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, III, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Brian Holmgren, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On the evening of June 18, 2000, Christina Tu[1] agreed to babysit her friend's ten-year-old daughter. Present at Ms. Tu's apartment that evening was the Appellant, who was Ms. Tu's boyfriend, Ms. Tu's two children, the Appellant's two children, and the ten-year-old victim. Eventually, everyone retired to their bedrooms, with the exception of the victim, who remained in the living room watching television.

---

[1] The transcript reflects that this witness' name is phonetically spelled. Other documents within the record indicate her last name as "Tew."

After everyone went to bed, the Appellant returned to the living room wearing only his boxers and a shirt. After checking his computer e-mail, he laid on the couch. At this time, the victim was lying on a second couch, still watching television. The Appellant asked the victim to sit on his lap, and she complied. The Appellant then asked if she had ever seen a man's "privates." She responded, "no." He then asked the victim if she wanted to see a man's "privates." Again, she responded, "no." The Appellant then cupped the victim's chin in his hand, turned her head toward him, and asked if she wanted to kiss him. At this point, the victim turned away from the Appellant.

The Appellant proceeded to place his hand under the victim's shirt and began rubbing her stomach. Gradually, the Appellant moved his hand upward until he was fondling her breasts. This behavior continued for approximately five minutes. The Appellant then removed his hand and obtained the victim's promise that she would not repeat what happened. The victim then returned to the other couch. Eventually, Ms. Tu came into the living room, and she and the Appellant returned to her bedroom.

The next morning the victim informed her mother of the events of the prior evening. Based upon the ensuing police investigation, the Appellant was indicted by a Davidson County grand jury for one count of aggravated sexual battery, a class B felony. After hearing the evidence at trial, the jury returned a verdict of guilty to the charged offense on May 21, 2002.

On August 30, 2002, the trial court, applying only the enhancement factor for a previous criminal history and no mitigating factors, sentenced the Appellant to ten years in the Department of Correction. The Appellant subsequently filed a motion for new trial, which was denied on November 1, 2002. This appeal followed.

**Analysis**

**1. Admission of Testimony**

The Appellant challenges the trial court's ruling permitting Ms. Tu to testify at trial regarding the particular manner in which the Appellant sometimes kissed her, in view of the fact that the victim testified that he had attempted to kiss her in a similar manner. During a jury out hearing, the witness described the specific manner in which the Appellant would kiss her. In concluding that the proffered testimony was admissible, the trial court found that kissing or the method of kissing is "not a character trait, [but] a behavior." Moreover, the court concluded:

> I don't quiet honestly see any prejudice here. There's just the fact that he had a way of doing things. . . . [Victim] describes a certain behavior. . . . Ms. Tu describes that in listening to what [Victim] said and found it striking, because she had witnessed or felt the same behavior. So for that reason I'm going to allow it.

Ms. Tu's testimony before the jury established that, when kissing her, the Appellant "would take his hand to my face and turn it toward him." She demonstrated before the jury how the

Appellant would cup her chin with his fingers when turning her head. She testified that this made her feel "uncomfortable." She also explained that the Appellant never kissed her in this manner in front of the victim. The Appellant asserts that Ms. Tu's testimony "was irrelevant, and unduly prejudicial to the [Appellant,] and should not have been admitted under Rules 401, 402, 403, and 404 of the Tennessee Rules of Evidence."

Preliminarily, we note that "[t]he admissibility of evidence is generally within the broad discretion of the trial court . . . [and that] absent an abuse of that discretion, the trial court's decision will not be reversed." *State v. Edison*, 9 S.W.3d 75, 77 (Tenn. 1999) (citing *State v. Mcleod*, 937 S.W.2d 867, 871 (Tenn.1996). Admissible proof must satisfy the threshold determination of relevancy mandated by Tennessee Rule of Evidence 401, which defines relevant evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. Rule 403 adds that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Tenn. R. Evid. 403. Finally, Rule 404 deals with "character evidence." Subsection (b) of this rule provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait."

Generally, evidence of conduct by a defendant involving a person other than the victim is inadmissible as being irrelevant. This general rule, however, is not without exception. One such exception involves habit and routine practice evidence. Rule 406, Tennessee Rules of Evidence, provides in relevant part:

> Evidence of the habit of a person . . . whether corroborated or not and regardless of the presence of eye-witnesses is relevant to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit or routine practice.

Tenn. R. Evid. 406(a). Habit evidence is defined under the Rule as "a regular response to a repeated specific situation." Tenn. R. Evid. 406(b).

The Appellant argues that the witness' testimony constituted character evidence and, thus, violated Rule 404, Tennessee Rules of Evidence. While the distinction between character and habit evidence is often blurred, we agree with the trial court that the evidence presented was not character evidence but was habit evidence.

> Character is a generalized description of one's disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness. 'Habit' . . . is more specific. . . . A habit . . . is the person's regular practice of meeting a particular kind of situation with a specific type of conduct. . . .

Fed. R. Evid. 406, History; Ancillary Laws and Directives.

Nonetheless, habit evidence must still be relevant.  We conclude that the witness' testimony regarding the Appellant's method of kissing was relevant to show that the Appellant attempted to kiss the victim on this occasion, which was an issue in dispute.  At trial, the Appellant denied ever attempting to kiss the victim or having any type of sexual contact with her.  Accordingly, we find this issue without merit.

## 2. Sentencing

As his second issue, the Appellant asserts that the trial court imposed an excessive sentence based upon the application of only one enhancement factor.  When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct.  Tenn. Code Ann. § 40-35-401(d) (2003).  The burden is on the Appellant to show the impropriety of the sentence.  Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

The Appellant was convicted of aggravated sexual battery, a class B felony, for which the appropriate sentence range is eight to twelve years.  Tenn. Code Ann. § 40-35-112(a)(2) (2003).  The presumptive sentence to be imposed by the trial court for a class B felony is the minimum sentence within the applicable range unless there are enhancement or mitigating factors present.  Tenn. Code Ann. § 40-35-210(c) (2003). The weight given to each factor is left to the discretion of the trial judge.  *State v. Shelton*, 854 S.W.2d 116,123 (Tenn. Crim. App. 1992).

In sentencing the Appellant, the sole enhancement factor found by the trial court was that the Appellant had a previous history of criminal convictions or criminal behavior.  *See* Tenn. Code Ann. § 40-35-114(2) (2003). Application of this factor was based upon the Appellant's one prior conviction for misdemeanor child abuse.  The record established that the Appellant was indicted for felony child abuse, but he entered into a negotiated plea agreement, and was convicted of misdemeanor child abuse on May 22, 2000.  The trial court noted that the instant offense was committed only twenty-seven days after pleading guilty to child abuse and this charge occurred while the Appellant was on probation.  Moreover, based upon the proof presented at the sentencing hearing, regarding the Appellant's child abuse conviction, the trial court found the physical injuries inflicted by the Appellant upon his minor son were extensive and characterized the conduct of the Appellant as egregious.  Accordingly, the trial court afforded this enhancement factor substantial weight and sentenced the Appellant to ten years in the Department of Correction.  The Appellant does not dispute that application of this factor was proper.  Rather, he alleges that the trial court improperly weighed the factor in enhancing the sentence by two years.

The Appellant's argument is misplaced.  There is certainly no prohibition against using a prior misdemeanor conviction to enhance a sentence, and the trial court may exercise a certain amount of discretion in setting an appropriate sentence. When the court follows the sentencing procedures, its determination is clothed in a presumption of correctness.  Our review of the record in this case reveals that the trial court has complied with the Sentencing Act and that its findings are adequately supported by the record.  Given the nature and circumstances of the Appellant's prior

misdemeanor conviction, we conclude, upon *de novo* review, that a sentence of ten years is justified in this case.  This issue is without merit.

## CONCLUSION

After review, we find that the trial court did not err in admitting the complained of testimonial evidence or in sentencing the Appellant.  Accordingly, we affirm the conviction and subsequent sentencing decision.

_____
DAVID G. HAYES, JUDGE