IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2004

## STATE OF TENNESSEE v. MARCUS VASHAWN NIXON

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7364     Joseph H. Walker, Judge**

---

**No. W2003-01909-CCA-R3-CD  - Filed September 15, 2004**

---

The Appellant, Marcus Vashawn Nixon, appeals his jury conviction for rape of a child in the Lauderdale County Circuit Court.  As grounds, he asserts that the trial court erred in denying his motion to suppress pre-trial photo identification evidence based upon a Rule 16 discovery violation. After review of the record, we find no reversible error and affirm the decision of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Didi Christie, Brownsville, Tennessee (on appeal); Gary F. Antrican, District Public Defender; and Julie K. Pillow, Assistant Public Defender (at trial), for the Appellant, Marcus Vashawn Nixon.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

In the early morning hours of July 7, 2002, the Appellant entered the home of Brenda Allen in Ripley, after Allen had fallen asleep in her car listening to the radio.  After entering, the Appellant approached the nine-year-old victim, L.T.,[1] who was asleep on the couch.  The victim testified that she woke up and saw the Appellant standing over her, he removed her shorts, and then placed his "private part" in her "private part."  Allen awoke after hearing the victim's screams and came into the house.  She testified that she immediately recognized the Appellant and called out to him, but

---

[1] In order to protect the identity of minor victims of sexual abuse, it is the policy of this court to refer to the victims by their initials.  *State v. Schimpf*, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989).

he ran out the back door. Allen called the police to report the rape, and officers responding to the scene spotted the Appellant in the surrounding area, wearing clothes matching the description furnished by Allen. The Appellant was subsequently arrested at the home of his sister. He later gave a statement to police admitting that he had had intercourse with a girl in Allen's home, but he stated that the girl had initiated the sexual encounter and told him that she was fifteen years old.

On October 7, 2002, a Lauderdale Country grand jury returned an indictment against the Appellant charging him with one count of rape of a child. On October 30, 2002, the Appellant filed several pre-trial motions, including a Tennessee Rule of Criminal Procedure 16 discovery request. On February 18, 2003, the morning of trial, the State informed the Appellant that they had just learned of a photo identification made by the victim of the Appellant. At that time, the trial court conducted a hearing on the motion to suppress the identification, which was denied.

After a jury trial, the Appellant was convicted of the offense as charged and subsequently sentenced to a term of twenty-one years in the Department of Correction. His motion for new trial was later denied, with this appeal following.

**Analysis**

The Appellant contends that the trial court erred in denying his motion to suppress the victim's photo identification because the State violated Rule 16 of the Tennessee Rules of Criminal Procedure. Specifically, he contends that the State violated the discovery rule because he was not given notice of the existence of the photo identification until the morning of trial despite his Rule 16 request for discovery. Further, the Appellant asserts that the State's failure to comply with the discovery request hindered his trial preparation and defense at trial by denying him the opportunity to adequately investigate the circumstances surrounding the identification and argue that it was impermissibly suggestive. He asserts that his conviction should therefore be reversed.

Upon request, the State must permit a defendant to inspect, copy, or photograph tangible objects within its possession, custody, or control which are material to the preparation of the defense or are intended for use by the State as evidence in chief at trial. Tenn. R. Crim. P. 16(a)(1)(C). Both the State and the defense have a continuing duty to disclose evidence previously requested and subject to discovery under Rule 16. Tenn. R. Crim. P. 16(c). When arguing that the State has violated Rule 16, a defendant bears the burden of showing "the degree to which the impediments to discovery hindered trial preparation and defense at trial." *State v. Thomas Dee Huskey*, No. E1999-00438-CCA-R3-CD (Tenn. Crim. App. at Knoxville, June 28, 2002) (quoting *State v. Brown*, 836 S.W.2d 530, 548 (Tenn. 1992)).

Failure by either party to comply with the discovery rule authorizes the court to fashion an appropriate remedy which "it deems just under the circumstances." Tenn. R. Crim. P. 16(d)(2); *see also State v. Smith*, 926 S.W.2d 267, 270 (Tenn. Crim. App. 1995). The sanction to be applied for non-compliance must fit the circumstances of the individual case. *State v. Cadle*, 634 S.W.2d 623, 625 (Tenn. Crim. App. 1982). Thus, in some instances mere inspection may serve to protect a

defendant's interest. In other situations, a continuance may be required to give the accused a chance to review the State's previously undisclosed evidence, or the court may be required to exclude the evidence altogether. Tenn. R. Crim. P. 16(d)(2).[2] However, evidence should not be excluded unless a party is actually prejudiced by the failure to comply with the discovery order, and the prejudice cannot be otherwise eradicated. *State v. James*, 688 S.W.2d 463, 466 (Tenn. Crim. App. 1984); *State v. Garland*, 617 S.W.2d 176, 185-86 (Tenn. Crim. App. 1981). Admissibility of evidence is within the realm of the sound discretion of the trial court. *State v. McLeod*, 937 S.W.2d 867, 871 (Tenn. 1996).

The trial court found that the State did have an obligation under Rule 16 to disclose the photo array from which the Appellant was identified by the victim. However, in denying the Appellant's motion to suppress, the trial court found that the Appellant's late access to the identification did not result in prejudice. The record reflects that the Appellant was notified of the identification immediately after the State learned of its existence.

The trial court's findings are as follows:

The Court finds that, as far as I've been presented under the statement of what the State intends to present at trial, that the witness; that is, the child, would have an opportunity to view the criminal at the time of the crime. The jury will make a determination about the degree of attention and that kind of thing. But the fact that an adult observed who she believed to be the defendant and provided that name is the reason that the defendant's photo was included to the photo ID, plus the fact that the defendant was discovered shortly thereafter in the same clothes that were described by the victim, all would go to weight toward the photo ID.

We agree with the trial court that the Appellant has failed to demonstrate that he was prejudiced by the State's late disclosure of the identification evidence. At trial, Allen testified that she immediately recognized the eighteen-year-old Appellant, whom she had known for approximately twelve or thirteen years. Additionally, Allen described the clothing worn by the person in her house, which matched the clothing worn by the Appellant when he was arrested shortly thereafter. Finally, the victim positively identified the Appellant at trial as the person who raped her. The Appellant argues that had the State disclosed the photographic lineup prior to trial, "more investigation into the circumstances surrounding the identification by the victim" could have been made. The Appellant does not suggest what could have been developed or how further investigation would have negated the positive identifications of Allen and the victim or the Appellant's statement that he was present at the house and had intercourse with a girl inside the home. Because we conclude that the Appellant was not prejudiced by the State's failure to timely comply with the discovery request, this issue is without merit.

---

[2] The State made no attempt at trial to introduce the victim's photo identification of the Appellant.

## CONCLUSION

Based upon the foregoing, we affirm the Lauderdale County Circuit Court's denial of the Appellant's motion to suppress the photo identification.

_____
DAVID G. HAYES, JUDGE