IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 17, 2005

## STATE OF TENNESSEE v. RASCHAD DONNELL SIMPSON

**Appeal from the Criminal Court for Sullivan County**
**No. S41,599     Phyllis H. Miller, Judge**

──────────────

**No. E2004-01962-CCA-R3-CD - Filed July 14, 2005**

──────────────

The appellant, Raschad Donnell Simpson, pled guilty to possession of cocaine for resale. As a result of the plea agreement, the appellant was sentenced to serve eight (8) years in incarceration. During his incarceration, the appellant was accepted to and participated in a bootcamp program and on August 29, 2001 was released to probation. Subsequently, a probation violation warrant was issued against the appellant alleging a violation of probation based on a new arrest and conviction. At a probation revocation hearing, the appellant pled guilty to the violation. As a result, the trial court revoked the appellant's probation and ordered him to serve the eight (8) year sentence in confinement. Because the trial court did not abuse its discretion in revoking the appellant's probation, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Richard A. Tate, Blountville, Tennessee, for the appellant, Raschad Donnwll Simpson.

Paul G. Summers, Attorney General & Reporter; Blind Akrawi, Assistant Attorney General; Greeley Wells, District Attorney General; Robert Montgomery, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

The appellant was indicted on August 17, 1998 by the Sullivan County Grand Jury for possession of cocaine for resale, a Class B felony. On January 21, 1999, the appellant pled guilty to possession of cocaine for resale. As part of the plea agreement, the appellant received an eight (8) year sentence as a Range I, standard offender.

At some point during his incarceration, the appellant was selected to participate in the Wayne County Bootcamp Program. The appellant was released from bootcamp to probation on August 29, 2001. On April 26, 2004, a probation violation report was issued alleging that the appellant had violated the conditions of his probation by committing a new crime and failing to report his arrest and conviction to his probation officer. According to the report, the appellant was arrested for theft in Kingsport, Tennessee on December 30, 2003, and convicted of that offense on March 25, 2004. A probation violation warrant was then issued against the appellant.

The trial court held a hearing on the probation revocation. At the hearing, the trial court heard testimony from Bob Henshaw, one of the office managers at the Tennessee Board of Probation and Parole. Mr. Henshaw testified that the appellant was supervised by Jason Haygood. The appellant's file indicated that the appellant was employed at several different places during his probation. Mr. Henshaw indicated that the appellant scored well on his most recent risk and needs assessment, actually scoring the minimum score possible, which indicated that "he was doing everything he was supposed to be doing." Mr. Henshaw stated that the appellant's file did not list "any other violations filed or any administrative case review and disciplinary actions that were taken in house." The report indicated that the appellant was addicted to drugs, but did not show the results of any drug screens. There was nothing in the report to indicate that the appellant reported his arrest to his probation officer.

The court inquired into the appellant's criminal history. According to the State, the appellant had past convictions for theft, robbery reduced to theft, disorderly conduct, underage consumption, public intoxication and driving on a suspended license, as well as juvenile dispositions for theft, criminal trespassing, disorderly conduct, aggravated assault, felony vandalism, violation of juvenile probation, and possession of marijuana.

At the conclusion of the hearing, the appellant pled guilty to the violation of probation. The trial court accepted the appellant's plea and ordered him to serve the original eight (8) year sentence in incarceration. The trial court commented:

> Okay. Well, you know, you come out - - - I denied probation on you to begin with and you came out and committed a crime, so according to the Affidavit you committed it with another person. You selected the jeans, she put them in her bag and carried them out and then you went out of the store. But you were the one that selected them and everything so you're, it's revoked. You're ordered to serve your sentence, eight years Range I standard offender, in the Tennessee Department of Corrections. Now hopefully this time they'll keep you long enough that you won't come out and violate the law. If you're working like you're suppose to be working there's no reason to be stealing jeans unless you're back into drugs . . . .

The appellant filed a timely notice of appeal, challenging the trial court's decision ordering the appellant to serve his eight (8) year sentence in confinement.

<u>Analysis</u>

On appeal, the appellant claims that the trial court abused its discretion in ordering him to serve his sentence in incarceration. Specifically, the appellant complains that "the ends of justice and the interest of the public and the appellant are not best served by having the appellant to serve his sentence." The State counters that the trial court properly revoked the appellant's probation.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310 & -311. The decision to revoke probation rests within the sound discretion of the trial court. <u>State v. Mitchell</u>, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a <u>de novo</u> standard. <u>State v. Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. <u>Id.</u> The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. <u>State v. Leach</u>, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). Further, "[i]t is well established that trial courts have broad discretion in determining the admissibility of evidence, and their rulings will not be reversed absent an abuse of that discretion." <u>State v. McLeod</u>, 937 S.W.2d 867, 871 (Tenn. 1996).

After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two (2) years. <u>See</u> Tenn. Code Ann. §§ 40-35-308(c) & -311(e); <u>State v. Hunter</u>, 1 S.W.3d 643, 647-48 (Tenn. 1999).

The record shows that the appellant was released from the bootcamp program in August of 2001 and did not have any "issues" with probation until his arrest for theft in December of 2003. The appellant was arrested and convicted of theft and failed to inform his probation officer of the arrest and subsequent conviction. The appellant pled guilty to the probation violation. A defendant who is already on probation is not entitled to an additional grant of probation or some other form of alternative sentencing. <u>State v. James Cravens</u>, No. M2002-01216-CCA-R3-CD, 2003 WL 22282174, at *2 (Tenn. Crim. App., at Nashville, Oct. 2, 2003), <u>perm. app. denied</u> (Tenn. Mar. 8, 2004). Given the proof in the record of the appellant's failure to comply with the conditions of his probation, we conclude that the trial court did not abuse its discretion in revoking the appellant's probation and ordering him to serve his sentence in incarceration.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

                     _____

                     JERRY L. SMITH, JUDGE