IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2005

## STATE OF TENNESSEE v. CHRISTOPHER EBBS, ALIAS

**Appeal from the Criminal Court for Knox County
No. 58208 Ray L. Jenkins, Judge**

---

**No. E2004-02054-CCA-R3-CD - June 30, 2005**

---

The appellant, Chris Ebbs, pled guilty in May of 1996 to attempted aggravated sexual battery and was sentenced to six (6) years in the Department of Correction. The trial court suspended the sentence to probation for six (6) years conditioned upon various requirements. In June of 2001, a probation violation warrant was filed. As a result, the trial court revoked the appellant's suspended sentence and ordered the appellant to serve the six-year sentence in confinement. On appeal, the appellant challenges the trial court's decision to revoke probation. After a review of the record and applicable legal authorities we conclude the judgment of the trial court must be affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Mark E. Stephens, District Public Defender and Randall J. Kilby, Assistant Public Defender, for the appellant, Chris Ebbs, Alias.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; Randall E. Nichols, District Attorney General; Zane Scarlett, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On April 10, 1995, the appellant was indicted by the Knox County Grand Jury for aggravated sexual battery. On March 29, 1996, the appellant pled guilty to the lesser-included offense of attempt to commit aggravated sexual battery. The trial court sentenced the appellant to serve six (6) years in the Department of Correction as a Range I, standard offender, but found that the appellant

was a suitable candidate for probation. As a result, the appellant was permitted to serve a six-year probationary period with the following conditions:

> The defendant's probation is conditioned upon his not hereafter violating any of the laws of any city, state or of the United States or being guilty of any misconduct inconsistent with good citizenship. It is further conditioned that: the defendant will register as a convicted sex offender with the TBI; he will have regularly scheduled polygraphs at his own expense as deemed necessary by the supervising officer; he will participate in an approved sex offender counseling program; he will submit to electronic monitoring if deemed necessary by the supervision [sic] officer; he will perform 8 hours of community service work each month; he will arrange a payment plan with the court clerk for the payment of court costs and will pay all court related debts in a timely manner; he will obtain a GED while on probation; and he will have no contact with the victim.

On June 15, 2001, a probation violation warrant was issued against the appellant for violating his probation by: (1) failing to inform his probation officer of an address change and/or failing to receive permission prior to leaving the state; (2) failing to report to his probation officer on May 15, 2001, and May 29, 2001; and (3) failing to complete an assessment and receive counseling.

The trial court held a hearing on the probation violation warrant on July 29, 2004. At the hearing, the trial court heard the testimony of Belinda Banner, the appellant's probation officer, and the appellant. Ms. Banner became the appellant's probation officer in July of 1999. The appellant was previously supervised by O.C. McCrary.

Ms. Banner explained that one of the requirements of the appellant's probation was to submit to regular polygraph examinations and to participate in an approved sex-offender counseling program. The appellant did not comply with either requirement. Ms. Banner's records indicated that the appellant was initially scheduled to go to Counseling and Consultation Services in Johnson City in October of 1996, but he repeatedly cancelled and rescheduled his appointments, citing work conflicts, lack of money and illness. The appellant continued to cancel and reschedule the appointments for three and one-half (3 1/2) years.

When Ms. Banner assumed supervision of the appellant, he was three (3) to four (4) months behind on payment of his fees and behind on community service work. According to her records, at the time of the hearing, the appellant had only completed 180 hours of community service work on a 576 hour obligation. As a condition of his probation, the appellant was required to complete eight (8) hours of community service work per month. The appellant was current on his fees at the time of the hearing.

Ms. Banner stated that the appellant failed to report on May 15, 2001, for a scheduled meeting. She testified that she made a home visit shortly after the appellant failed to show for the meeting but was told that the appellant had moved. At this point, Ms. Banner was unaware of the

appellant's whereabouts. The appellant reported to Ms. Banner in June, but by that time, Ms. Banner had filed a violation report because the appellant had moved without notifying her of his location and had failed to report in May. Ms. Banner stated that the appellant's compliance with the meetings with her was not a problem until he failed to report for the May meeting.

The appellant testified that he stopped reporting because his biological father died, his mother was hospitalized, and he had no place to live. The appellant claimed that he had to move in order to provide a better place to live for his son. The appellant stated that at first, he moved in with a friend in Knoxville, then went to stay with his mother when she was released from the hospital.

The appellant admitted that failing to report was a "stupid mistake" and that he got scared after failing to report to Ms. Banner. The appellant also admitted that he got married on August 3, 2001, and moved to Illinois with his wife. The appellant claimed that Illinois was a "safe haven" for his family and that he was in the process of buying a house for his family. Since moving to Illinois, the appellant had obtained a pesticide license and had worked for the same lawn care company for five (5) months.

The appellant also informed the court that he had no other arrests and no prior charges and that, at the time of the hearing, he was current in the payment of all costs and fees.

At the conclusion of the hearing, the trial court revoked the appellant's probation and ordered him to serve the six (6) year sentence in confinement, stating:

> A defendant cannot be supervised if he's nowhere to be seen. It is probably one of the easiest things to do to stay out of the penitentiary if you're on probation. All you need to do is report and follow the directions of the probation counselor. But the - - whether he's hiding out in Mosheim or Illinois, it's still a violation of the Court's order placing him on probation.

<u>Analysis</u>

On appeal, the appellant claims that the trial court erred by revoking his probation and ordering him to serve his sentence in confinement. Specifically, he argues that he has demonstrated his suitability to have his probation reinstated. The State argues that the trial court properly revoked the appellant's probation and ordered him to serve his sentence in confinement.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. <u>State v. Mitchell</u>, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a <u>de</u> <u>novo</u> standard. <u>State v. Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the

conclusion that a violation of probation has occurred. Id. The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). Further, "[i]t is well established that trial courts have broad discretion in determining the admissibility of evidence, and their rulings will not be reversed absent an abuse of that discretion." State v. McLeod, 937 S.W.2d 867, 871 (Tenn. 1996).

After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two (2) years. See Tenn. Code Ann. §§ 40-35-308(c), -311(e); State v. Hunter, 1 S.W.3d 643, 647-48 (Tenn. 1999).

The evidence at the hearing showed that for three and one-half (3 1/2) years, the appellant failed to participate in an approved sex-offender counseling program, as required by the conditions of his probation. The appellant failed to regularly submit to polygraph examinations, also a condition of his probation. Further, the appellant failed to report in May of 2001 and moved without notifying his probation officer about his change of address. The appellant left the state without notifying his probation officer and was behind on his community service work. The appellant admitted that he failed to report and that he failed to inform his probation officer of his change of address. He attempted to justify his actions by drawing attention to the fact that he led an exemplary life while on probation. In fact, the appellant argues that, given the exemplary life he led while knowingly violating the conditions of his probation, a total revocation of probation was not warranted and that the trial court should have reinstated him to probation. A defendant who is already on probation is not entitled to an additional grant of probation or some other form of alternative sentencing. State v. James Cravens, No. M2002-01216-CCA-R3-CD, 2003 WL 22282174, at *2 (Tenn. Crim. App., at Nashville, Oct. 2, 2003), perm. app. denied (Tenn. Mar. 8, 2004). While there is evidence to support the appellant's assertions that he is attempting to pull his life together, given the proof in the record his repeated failure to submit to polygraph examinations, the delinquency in completing the required community service work, the failure to report, and the failure to notify his probation officer of a change in residence, we conclude that the trial court did not abuse its discretion in revoking the appellant's probation and ordering him to serve his sentence in incarceration.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE