IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 12, 2006

**STATE OF TENNESSEE v. CALVIN AUSTIN**

**Appeal from the Criminal Court for Shelby County**
**No. 01-08627 & 01-08628   John P. Colton, Jr., Judge**

_____

**No. W2005-02592-CCA-R3-CD  - Filed August 9, 2006**

_____

The appellant, Calvin Austin, was charged with violating probation.  After a hearing in which the trial court revoked the appellant's probation solely on the fact that the appellant received a new arrest, the appellant appealed.  Because the trial court improperly revoked the appellant's probation without a finding that the revocation was based on a preponderance of the evidence, we reverse the revocation of probation and remand the case for a hearing in which the trial court determines whether the preponderance of the evidence justifies a revocation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLILAMS, JJ., joined.

Tony N. Brayton, Memphis, Tennessee for the appellant, Calvin Austin.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tiffani Taylor, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The appellant was indicted by the Shelby County Grand Jury on August 2, 2001 for driving in violation of the motor vehicle habitual offender law ("MVHO"), driving under the influence ("DUI") fifth offense and reckless driving.  On August 30, 2001, the appellant pled guilty to DUI fifth offense and a violation of the MVHO law.  The appellant was sentenced to one year for the DUI conviction and four years for the MVHO violation.  The trial court ordered the sentences to run concurrently and concluded that the sentences were to be suspended after service of 150 days in jail.

On April 6, 2004, the appellant was charged with a violation of probation based on a January 20, 2004 conviction for another MVHO offense. On June 9, 2004, the trial court revoked the appellant's probation, but reinstated the appellant to probation for a period of four years.

At some point thereafter, the appellant was charged with a violation of probation, based on an arrest occurring March 4, 2005 for another MVHO violation.[1] That probation violation is the subject of this appeal.

The trial court held a hearing on the probation violation warrant on October 10, 2005. At that hearing, the trial court heard testimony from the appellant's probation officer, Joseph Williams. Mr. Williams testified that the appellant had been arrested again for driving while in MVHO status. The new arrest was the basis for the probation violation warrant. The appellant was willing to stipulate that he had been arrested, but he specifically declined to stipulate probable cause for the arrest.

Counsel for the State attempted to call the arresting officer to testify as to the basis for the arrest. The trial court interrupted the proceedings, stating that it "really [did not] believe that it's necessary to put on probable cause." At that point, the trial court revoked the appellant's probation on the basis of the new arrest.

The appellant filed a timely notice of appeal. On appeal, the appellant challenges the trial court's decision to revoke probation.

## Analysis

The appellant argues on appeal that the trial court "abused its discretion in granting the State's petition to revoke his suspended sentence." Specifically, the appellant complains that the State failed to establish a sufficient factual basis for the revocation during the hearing. The State concedes that the trial court improperly revoked the appellant's probation "based on the fact that he had been arrested again." However, the State argues that because they attempted to present evidence of the factual basis for the new arrest and the trial court refused to hear that evidence, the matter should be remanded for another hearing on the probation violation.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. § 40-35-310 & -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. See Tenn. Code Ann. §§ 40-35-308(c) & -311(e); State v. Hunter, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. State v.

---

[1] The technical record does not contain copies of either the March 4, 2005 arrest warrant or the probation violation warrant.

Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. Id. The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). Further, "[i]t is well established that trial courts have broad discretion in determining the admissibility of evidence, and their rulings will not be reversed absent an abuse of that discretion." State v. McLeod, 937 S.W.2d 867, 871 (Tenn. 1996). Moreover, a defendant who is already on probation is not entitled to an additional grant of probation or some other form of alternative sentencing. State v. James Cravens, No. M2002-01216-CCA-R3-CD, 2003 WL 22282174, at *2 (Tenn. Crim. App., at Nashville, Oct. 2, 2003), perm. app. denied (Tenn. Mar. 8, 2004).

In the case herein, the trial court made the following findings of fact and conclusions of law:

The court finds from the record in this case, and has reviewed that record, that there has been an ongoing violation here with this man of irresponsibility. He's not a young man. It appears he's got enough age on him where he just doesn't seem to care about being a responsible citizen. He's got a bunch of DUI's and these matters here involved. And he's rearrested again and got a case set for trial here again. And he's facing some pretty stiff time if he's convicted in this case coming up. The court finds that the petition is well-taken and will grant it.

While we recognize that a new arrest and pending charges are proper grounds on which a trial court can revoke a defendant's probation, a trial court may not rely on the mere fact of an arrest or an indictment to revoke a defendant's probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). A revocation on this basis requires the State to "produce evidence in the usual form of testimony" in order to establish the probationer's commission of another offense while on probation. State v. Walter Lee Ellison, Jr., No. 01C01-9708-CR-00361, 1998 WL 272955, at *2 (Tenn. Crim. App., at Nashville, May 29, 1998); see State v. Michael Chaney, No. 01C01-9801-CC-00010, 1999 WL 97914, at *1 n.2 (Tenn. Crim. App., at Nashville, Feb. 18, 1999). The only evidence before the trial court herein of the violation of probation was the testimony of the probation officer and the stipulation by the appellant that he had been arrested while on probation. The record does not contain the new arrest warrant or indictment on which the violation of probation is based. The record also does not include the probation violation warrant. Further, it appears the trial court based its decision to revoke the appellant's probation on the mere fact of an arrest rather than by a preponderance of the evidence. We conclude that the trial court abused its discretion by revoking the appellant's probation because the preponderance of the evidence does not support the trial court's decision. The State was poised and prepared to present the appropriate testimony in order to establish the violation of probation by a preponderance of the evidence and was effectively prohibited from doing so by the trial court. Consequently, we reverse and remand the judgment of the trial court for a hearing in which the trial court conducts a hearing, listens to all of the evidence

presented by both the State and the appellant and then makes a determination as to whether the preponderance of the evidence supports the revocation of probation.

## Conclusion

For the foregoing reasons, the judgment of the trial court is reversed and remanded.

_____

JERRY L. SMITH, JUDGE