IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 29, 2011

**STATE OF TENNESSEE v. JEFFERY LANCE COCHRAN**

**Appeal from the Criminal Court for Sullivan County
No. S53696 & S54144   Robert H. Montgomery, Jr., Judge**

---

**No.  E2010-01526-CCA-R3-CD - Filed May 10, 2011**

---

Appellant, Jeffrey Lance Cochran, pled guilty to violations of the Motor Vehicle Habitual Offender Act, implied consent law, and driving under the influence, fourth offense.  The sentences were ordered to run concurrently to each other; Appellant was sentenced to an effective sentence of one year and six months.  He was ordered to serve a mandatory minimum sentence of 150 days and the remainder of the sentence on probation.  On the same day, Appellant also pled guilty to failure to appear.  He was sentenced to one year and six months for this conviction, to be served consecutively to the effective sentence for the other convictions. Subsequently, Appellant was charged with violating the terms of his probation. Following a hearing, Appellant's probation was revoked.  The trial court ordered Appellant to serve the remainder of his sentence in confinement.  Appellant appeals this decision. Because we determine that the trial court properly revoked Appellant's probation, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

Steve McEwen, (on appeal), Mountain City, Tennessee and William A. Kennedy, (at trial), Blountville,Tennessee, for the appellant, Jeffery Lance Cochran.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General, and Brandon Haren, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

In August of 2007, the Sullivan County Grand Jury issued a presentment charging Appellant with a violation of a habitual traffic offender order, driving under the influence, a violation of the implied consent law, and driving under the influence, fourth offense. In September of 2007, the Sullivan County Grand Jury issued a presentment charging Appellant with felony failure to appear.

In December of 2007, Appellant pled guilty to failure to appear, violation of a habitual traffic offender order, driving under the influence, violation of the implied consent law, and driving under the influence, fourth offense. Appellant was sentenced to one year and six months for the conviction for failure to appear. It was ordered to be served consecutively to the sentences for the other convictions. Appellant was ordered to serve the sentence for failure to appear on supervised probation. Appellant was sentenced to one year and six months for the conviction for violation of the habitual traffic offender order, eleven months and twenty-nine days for the violation of the implied consent law conviction, and one year and six months for the driving under the influence, fourth offense conviction. The driving under the influence, fourth offense conviction required Appellant to serve 150 days in confinement. The trial court also ordered Appellant to: (1) undergo drug/alcohol assessment; (2) receive treatment "as appropriate;" (3) abstain from the use or possession of alcohol/illegal drugs; (4) inform his probation officer of any medication he was taking; (5) submit to random drug screens; (6) perform 200 hours of community service; (7) pay all fines and costs; and (8) earn a GED. In addition, Appellant was subject to certain other conditions of probation.

In August of 2008, two arrest warrants were issued against Appellant for violations of probation. The first warrant specified that Appellant violated the condition of probation which specified that Appellant would not "use or have in [his] possession narcotic drugs or marijuana" and the condition which prohibited Appellant from using alcohol or illegal drugs and misusing legal drugs. The warrant stated that Appellant had signed a written admission of drug use in which he admitted to using marijuana, cocaine, lortab, xanax, and alcohol.

The second warrant specified that Appellant had violated the condition specifying that he, "will not use or have in my possession illegal drugs or marijuana" and that he not use or possess any alcohol or drugs. By way of explanation, the warrant specified that Appellant had signed a written admission of the use of marijuana, cocaine, lortab, xanax, and alcohol.

The trial court revoked Appellant's probation. The revocation order specified that Appellant was ordered to serve the sentence of eighteen months for the failure to appear conviction in the Department of Correction, on determinate release that expired May 25,

2010. The trial court ordered the effective one-year, six-month sentence for the other convictions to be served on supervised probation.

In May of 2010, another warrant was issued against Appellant for a violation of probation as the result of Appellant's arrest for domestic assault.

The trial court held a hearing on the violation of probation warrants. At the hearing, Appellant's probation officer, Paula Bothoff, testified that she met with Appellant and discussed the probation requirements. At that meeting, Appellant signed a copy of the rules of his probation.

Deputy Allen Hammonds of the Scott County, Virginia Sheriff's Department also testified at the hearing. Deputy Hammonds recalled arresting Appellant earlier in 2010 as the result of a report of a domestic disturbance at Appellant's residence. When Deputy Hammonds arrived, Appellant was inside the house. Appellant's girlfriend reported that Appellant grabbed her shirt and "slung her around." She had a "place" on her left hand. At the time he was arrested for domestic assault, Appellant smelled of alcohol. Appellant subjected himself to an intoximeter. The tests revealed that Appellant's blood alcohol content was .16.

Appellant testified at the hearing and admitted that he had been drinking that night in order to cope with the loss of his mother, property issues, and financial issues. Appellant claimed to be under stress because his daughter and granddaughter had moved in with him and there was an ongoing family battle over some real property. Appellant stated that he had "a few drinks" because his "nerves had been tattered with everything." He admitted that he was "intoxicated." Appellant testified that he did not have a telephone to contact his probation officer to notify him of the arrest but that he planned on informing the probation officer at his monthly visit.

Appellant's girlfriend, Trivia Ann Ketron, testified that Appellant grabbed her by the throat on the night he was arrested. As a result, she kicked him in the mouth.

After hearing all of the testimony, the trial court determined Appellant had violated the terms and conditions of his probation by consuming alcohol; becoming intoxicated; engaging in abusive, assaultive, or threatening behavior; and failing to report his arrest. As a result, the trial court ordered Appellant to serve the remainder of his sentences in the Department of Correction.

Appellant filed a timely notice of appeal. On appeal, he argues that the trial court improperly revoked probation.

*Analysis*

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310, -311; *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation or a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). Further, "[i]t is well established that trial courts have broad discretion in determining the admissibility of evidence, and their rulings will not be reversed absent an abuse of that discretion." *State v. McLeod*, 937 S.W.2d 867, 871 (Tenn. 1996). Moreover, a defendant who is already on probation is not entitled to an additional grant of probation or some other form of alternative sentencing. *State v. James Cravens*, No. M2002-01216-CCA-R3-CD, 2003 WL 22282174, at *2 (Tenn. Crim. App., at Nashville, Oct. 2, 2003), *perm. app. denied*, (Tenn. Mar. 8, 2004).

In the case herein, the trial court based the revocation on Appellant's arrest for assault, use of alcohol, and use of drugs, concluding that Appellant's actions supported a violation of several rules and conditions contained in the probation order. The trial court heard the testimony of the arresting officer, Appellant, and Appellant's girlfriend about the incident that led to Appellant's arrest. This Court has held that the testimony of a police officer concerning the facts of an arrest may be sufficient to support the revocation of probation. *State v Eric L. Abell*, No. M2006-01981-CCA-R3-CD, 2007 WL 2088949, at *5 (Tenn. Crim. App., at Nashville, Jul. 23, 2007) (citing *State v. Chris Allen Dodson*, M2005-01776-CCA-R3-CD, 2006 WL 1097497, at *3 (Tenn. Crim. App., at Nashville, Mar. 31, 2006)). Appellant herein has failed to show that the trial court abused its discretion in revoking his probation and ordering him to serve his original sentence in confinement. Appellant admitted to drinking on the night he was arrested. The intoximeter results confirmed his admission. Appellant also admitted that he did not immediately report his arrest to his

probation officer.  The trial court did not abuse its discretion.  Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE