# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 24, 2011

## STATE OF TENNESSEE v. DANNY OSBORNE

**Appeal from the Circuit Court for Blount County**
**No. C-18526    David R. Duggan, Judge**

---

**No.  E2010-02211-CCA-R3-CD - Filed July 25, 2011**

---

Appellant, Danny Osborne, pled guilty to promotion of methamphetamine manufacture, possession of drug paraphernalia, possession of a schedule II controlled substance, and criminal impersonation.   As a result, he received a two-year sentence in the Department of Correction.  Appellant was subsequently released to probation.  One month later, a warrant was issued for violation of probation.  After a hearing, the trial court revoked Appellant's probation and ordered him to serve the balance of the original sentence in confinement. After a review of the record, we determine that the trial court did not abuse its discretion where there was substantial evidence to support the revocation of probation.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., JOINED.

Eunus Alton Howell, Pro Se, Clifton, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter, Clarence E. Lutz, Assistant Attorney General; Mike Flynn, District Attorney General, and Matthew Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On December 21, 2009, Appellant entered a guilty plea to promotion of methamphetamine manufacture, possession of drug paraphernalia, possession of a schedule

II controlled substance, and criminal impersonation. Appellant was sentenced to two years as a Range I, standard offender. On April 29, 2010, Appellant was released to probation.

In May of 2010, Appellant's probation supervisor, Elizabeth Waters, filed an affidavit claiming Appellant violated the terms of his probation for failing to disclose his status as a sex offender, failing to abide by the directive imposed upon sex offenders, and for residing within one thousand feet of a school. A second affidavit was filed on June 4, 2010.

The trial court held a hearing on the violation affidavit. At the hearing, Appellant stipulated that he was convicted of sexual abuse in Kentucky in 1998. Appellant also stipulated that he pled guilty to violation of the sex offender registry statute in Campbell County, Tennessee, on June 14, 2010.

Ms. Waters testified at the hearing. She is employed in the Jacksboro office of the Board of Probation and Parole. Ms. Waters recalled conducting an intake interview with Appellant on May 7, 2010. She testified that this was the only time she met with Appellant prior to his arrest on May 27. The intake interview contained questions about Appellant's prior convictions and criminal history. Appellant did not disclose any information about prior convictions during the interview. Ms. Waters testified that she became concerned because of Appellant's suave, yet "paranoid" demeanor during the interview. As a result, Ms. Waters requested an NCIC search of Appellant and discovered Appellant was a registered sex offender in Kentucky.

On May 18, 2010, Appellant left a voicemail for Ms. Waters claiming that he was unable to obtain transportation to the next appointment. By that time, the warrant from Campbell County for violation of the sex offender registry had already been issued.

At the time of the hearing Appellant was thirty-eight years old, married, and had six children, ranging in age from two to nineteen years of age. Appellant admitted that his conviction for sexual abuse made it illegal for him to live within 1,000 feet of a school. Additionally, Appellant admitted that he was aware that he had to register as a sex offender. However, Appellant believed that he was only required to remain on the registry for ten years. Despite his beliefs, Appellant admitted at the hearing that he violated the terms of probation and that he voluntarily entered a guilty plea to the violation of the sex offender registry statute.

At the conclusion of the hearing, the trial court determined that Appellant "engaged in a material violation of the terms of his probation" by "failing to timely report to his probation officer and not providing the information that he needed to provide pertaining to his background." Additionally, the trial court determined that Appellant committed offenses

while on probation by violating residential and work restrictions, specifically by living within 1,000 feet of a school and failing to register as a sex offender. The trial court informed Appellant, "[y]ou can't be on probation if you don't show up, let alone if you don't follow the rules." As a result, the trial court ordered Appellant to serve his sentence, with credit for time served from August 25, 2010 to September 20, 2010.

Appellant filed a timely notice of appeal, challenging the revocation of probation.

*Analysis*

On appeal, Appellant argues that the trial court improperly revoked probation and ordered Appellant to serve the balance of his original sentence. Specifically, Appellant claimed that his violation was not willful. The State disagrees, insisting that the trial court did not abuse its discretion.

It is well-settled that a trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310, -311; *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation or a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). Further, "[i]t is well established that trial courts have broad discretion in determining the admissibility of evidence, and their rulings will not be reversed absent an abuse of that discretion." *State v. McLeod*, 937 S.W.2d 867, 871 (Tenn. 1996). Moreover, a defendant who is already on probation is not entitled to an additional grant of probation or some other form of alternative sentencing. *State v. James Cravens*, No. M2002-01216-CCA-R3-CD, 2003 WL 22282174, at *2 (Tenn. Crim. App., at Nashville, Oct. 2, 2003), *perm. app. denied*, (Tenn. Mar. 8, 2004). "In probation revocation hearings, the credibility of the witnesses is for the determination of the trial judge, who is in the best position to observe witness

demeanor." *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

In the case herein, the trial court based the revocation on Appellant's guilty plea to failure to register as a sex offender, and failure to provide complete information to his probation officer, concluding that Appellant's actions supported a violation of several rules and conditions contained in the probation order. The trial court heard the testimony of the probation supervisor and of Appellant. Appellant herein has failed to show that the trial court abused its discretion in revoking his probation and ordering him to serve his original sentence in confinement. Appellant admitted that he failed to register as a sex offender as evidenced by his guilty plea. Appellant also admitted that he failed to meet with his probation officer even though he called and left a message about his transportation problems. The NCIC report confirmed Appellant's status as a sex offender. Appellant also admitted that he did not immediately report his arrest to his probation officer but claimed that this failure was not willful and did not justify a revocation of probation. The trial court did not abuse its discretion. The evidence supported the finding of the violation, and the trial court was within its authority in ordering Appellant to serve his sentence. Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE