IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015

## MARIO D. JONES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Bradley County**
**No. 13CR443     Don R. Ash, Judge**

_____

**No. E2014-02460-CCA-R3-PC – Filed August 7, 2015**

_____

Petitioner, Mario D. Jones, was convicted of possession with intent to sell more than fifty (50) grams of a Schedule II controlled substance, a Class A felony. He was sentenced to twenty years in confinement. Petitioner filed the instant petition for post-conviction relief, in which he alleged that he received ineffective assistance of counsel and was denied his due process rights. Following an evidentiary hearing, the post-conviction court denied relief. On appeal, petitioner argues that he received ineffective assistance of counsel when trial counsel: (1) failed to call unspecified witnesses to challenge the weight of the tablets that he possessed and (2) failed to call the officer who was responsible for the storage of evidence. Petitioner also argues that he was denied due process by a State sentencing offer that was contingent upon his payment of a $500,000 fine. Finally, petitioner alleges that the post-conviction court erred by excluding from the evidentiary hearing an incomplete transcript of a sentencing hearing in an unrelated case regarding an officer involved in petitioner's case. After our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

John C. Cavett, Jr., Chattanooga, Tennessee, for the Appellant, Mario D. Jones.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; M. Neal Pinkston, District Attorney General; and Andrew D. Watts, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

## I. Facts

Petitioner was found in possession of Dilaudid tablets, a Schedule II drug, on June 27, 2002. *State v. Mario Jones*, No. M2004-00077-CCA-R3-CD, 2012 WL 4392643, at *1, *3 (Tenn. Crim. App. Sept. 26, 2012). The weight of the tablets was 629.58 grams. *Id.* at *4. Lieutenant Bobby Queen, an officer with the Bradley County Drug Task Force ("DTF"), became suspicious when petitioner was following a vehicle too closely on the interstate, a common violation for "drug smugglers." *Id.* at *2. After petitioner voluntarily stopped at a gas station, Lieutenant Queen searched the vehicle and found three bags of yellow tablets, $970 cash, and documents referencing what appeared to reflect notes of sale. *Id.* at *5.

At trial, petitioner highlighted the discrepancy between the tablet counts conducted by the DTF and the Tennessee Bureau of Investigation's ("TBI") crime lab. *Id.* at *9. Lieutenant Queen's initial count of the tablets was 6,702, while the TBI crime lab's official count was 6,992. *Id.* Petitioner focused on the fact that Kenneth Wilson, the director of the DTF crime lab at the time of the incident, was arrested on drug charges in late 2002. *Id.* at *3. However, at trial, Mr. Wilson testified that "it would have been extremely difficult to impossible" to tamper with the evidence in the present case. *Id.*

Subsequently, petitioner was convicted of possession with intent to sell or deliver a Schedule II controlled substance with a weight of more than fifty (50) grams. *Id.* at *1. He was sentenced to serve twenty years in the Tennessee Department of Correction as a Range I, standard offender. *Id.* Petitioner unsuccessfully appealed his convictions to this court. *Id.*

Petitioner filed a timely petition for post-conviction relief, and the evidentiary hearing occurred on November 10, 2014.

At the hearing, petitioner asserted that trial counsel was ineffective for failing to introduce the transcript of the sentencing hearing from Mr. Wilson's federal convictions for tampering with marijuana evidence. Petitioner alleged that at Mr. Wilson's sentencing hearing, Mr. Wilson "admitted that he tampered with all evidence that was tampered with, and [trial counsel] never questioned him about that." Petitioner believed Mr. Wilson's testimony was "huge to [his] case, because [Mr. Wilson] clearly told the Judge that he was tampering with evidence for two years . . . ." The court noted that Mr. Wilson admitted to taking five hundred pounds of marijuana but that he denied taking or tampering with any of the drugs related to petitioner's case. In support of his assertions, petitioner attempted to enter into evidence an incomplete transcript of Mr. Wilson's sentencing hearing in which Mr. Wilson admitted to being responsible for the

maintenance of evidence at the time petitioner's evidence was stored. The State objected to its admission into evidence. The court sustained the objection but accepted the incomplete transcript as an offer of proof.

Petitioner also alleged that trial counsel presented him with a plea deal, whereby petitioner would pay the State a $500,000 fine in exchange for the minimum fifteen-year sentence. The fine was to be paid via cash or cashier's check; the State would not accept a personal check. This deal was offered after petitioner indicated that he was a beneficiary of an estate worth "billions," though at the hearing, he stated that he received nothing from the estate. Petitioner asserted that the fine was really extortion: "[trial counsel] said that a hundred thousand was gonna go to him, two hundred was gonna go to [the judge]; the other two hundred thousand was gonna go to [the prosecutor]." On cross-examination, petitioner was unable to offer any proof of the alleged collusion between trial counsel, the judge, and the prosecutor.

On direct examination, trial counsel stated that it was a strategic decision to not call Mr. Wilson as a witness. In a letter sent to trial counsel by petitioner, petitioner stated that "[trial counsel] was right about not bringing Ken Wilson to testify, so please disregard the subpoena of Mr. Wilson."

Both trial counsel and the prosecutor testified that a legitimate sentencing offer was made but they denied that they colluded with one another or the trial judge to extort petitioner. They further denied having any knowledge of the estate of which petitioner allegedly was a beneficiary.

The post-conviction court found that petitioner was not credible. The court concluded that petitioner's trial counsel rendered reasonable "professional assistance under the prevailing norms." The court found that petitioner failed to prove the factual allegations in his petition with clear and convincing evidence so as to entitle him to a reversal of his conviction. Therefore, the court denied the petition for post-conviction relief.

## II. Analysis

On appeal, petitioner argues that he received ineffective assistance of counsel when trial counsel failed to call unspecified witnesses to challenge the quantity of tablets stolen and failed to call Kenneth Wilson as a witness. Petitioner also asserts that he was denied due process by the State's sentencing offer that was contingent upon his payment of a $500,000 fine. Finally, petitioner argues that the post-conviction court erred in refusing to admit at the evidentiary hearing a portion of Mr. Wilson's testimony from Mr. Wilson's sentencing hearing. The State responds that the post-conviction court properly denied the petition for post-conviction relief. We agree with the State.

-3-

## A. Standard of Review

To obtain relief in a post-conviction proceeding, a petitioner must demonstrate that his or her "conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009)).

Appellate courts do not reassess the trial court's determination of the credibility of witnesses. *Dellinger v. State*, 279 S.W.3d 282, 292 (Tenn. 2009) (citing *R.D.S. v. State*, 245 S.W.3d 356, 362 (Tenn. 2008)). Assessing the credibility of witnesses is a matter entrusted to the trial judge as the trier of fact. *R.D.S.*, 245 S.W.3d at 362 (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). The post-conviction court's findings of fact are conclusive on appeal unless the preponderance of the evidence is otherwise. *Berry v. State*, 366 S.W.3d 160, 169 (Tenn. Crim. App. 2011) (citing *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997)). However, conclusions of law receive no presumption of correctness on appeal. *Id.* (citing *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001)). As a mixed question of law and fact, this court's review of petitioner's ineffective assistance of counsel claims is de novo with no presumption of correctness. *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (citations omitted).

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and article I, section 9 of the Tennessee Constitution require that a criminal defendant receive effective assistance of counsel. *Cauthern v. State*, 145 S.W.3d 571, 598 (Tenn. Crim. App. 2004) (citing *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975)). When a petitioner claims that he received ineffective assistance of counsel, he must demonstrate both that his lawyer's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007) (citation omitted). It follows that if this court holds that either prong is not met, we are not compelled to consider the other prong. *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004).

To prove that counsel's performance was deficient, petitioner must establish that his attorney's conduct fell below an objective standard of "'reasonableness under prevailing professional norms.'" *Finch*, 226 S.W.3d at 315 (quoting *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006)). As our supreme court held:

> "[T]he assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. . . . Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations."

*Id.* at 315-16 (quoting *Baxter*, 523 S.W.2d at 934-35). On appellate review of trial counsel's performance, this court "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 689).

To prove that petitioner suffered prejudice as a result of counsel's deficient performance, he "must establish a reasonable probability that but for counsel's errors the result of the proceeding would have been different." *Vaughn*, 202 S.W.3d at 116 (citing *Strickland*, 466 U.S. at 694). "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). As such, petitioner must establish that his attorney's deficient performance was of such magnitude that he was deprived of a fair trial and that the reliability of the outcome was called into question. *Finch*, 226 S.W.3d at 316 (citing *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999)).

## B. Ineffective Assistance of Counsel

Petitioner argues that trial counsel was ineffective by failing to call unspecified witnesses to highlight the disparity between the tablet count by local law enforcement and the TBI crime lab. Petitioner further argues that trial counsel was deficient in failing to call Mr. Wilson as a witness.

Both of petitioner's specific allegations of ineffective assistance of counsel were raised for the first time on appeal, so they are considered waived. *See State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) (holding that "[a] party may not raise an issue for the first time in the appellate court."). The claims are also waived because during the post-conviction hearing, petitioner failed to call any of the purported witnesses regarding the disparity in tablet count or to call Mr. Wilson. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) ("When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing.").

Furthermore, we note that even if the claims were not waived, they would still be meritless as petitioner failed to demonstrate that "his lawyer's performance was deficient and that the deficiency prejudiced the defense." *Strickland*, 466 U.S. at 687; *Finch*, 226 S.W.3d at 315 (citation omitted).

Regarding petitioner's claim that trial counsel should have called witnesses to highlight the discrepancy between the local and TBI tablet counts, petitioner failed to prove deficiency or prejudice. Both tablet counts were more than twelve times the weight necessary to support his conviction; therefore, the discrepancy was insignificant. Furthermore, as stated above, petitioner failed to present those witnesses at the post-conviction hearing or even show that such witnesses existed.

Regarding petitioner's assertion that trial counsel was deficient in choosing not to call Mr. Wilson as a witness, trial counsel explained that he decided not to call Mr. Wilson because his testimony was unhelpful to petitioner's case. Trial counsel testified that petitioner agreed with the decision. It is well-settled that "on claims of ineffective assistance of counsel, petitioner is not entitled to the benefit of hindsight. This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings." *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006) (internal citation omitted). Petitioner has failed to show that trial counsel's strategy was deficient. In addition, petitioner was not prejudiced by the lack of Mr. Wilson's testimony, as Mr. Wilson has maintained that he did not tamper with the evidence in petitioner's case. Petitioner is not entitled to relief.

### C. Due Process and the State's Settlement Offer

Petitioner argues that he was denied due process of law when the State made a settlement offer contingent upon his payment of a $500,000 fine. Petitioner further alleges that trial counsel, the prosecutor, and the judge colluded to extort him. The State responds that the claim is waived and meritless.

Petitioner has offered no proof in support of his claim. Both trial counsel and the prosecutor denied petitioner's allegation that they colluded with the judge to extort petitioner. The Court did not find petitioner to be credible with regard to this claim. "The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the . . . triers of fact." *State v. Black*, 924 S.W.2d 912, 915 (Tenn. Crim. App. 1996). Accordingly, petitioner is not entitled to relief with regard to this issue.

D. Exclusion of Incomplete Transcript of Kenneth Wilson's Sentencing Hearing

Petitioner argues that the post-conviction court erred in excluding an incomplete transcript of Mr. Wilson's sentencing hearing. The State responds that the post-conviction court did not err in excluding the incomplete transcript. We agree with the State.

The determination of whether evidence is relevant and admissible at trial is a matter left to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *State v. Dellinger*, 79 S.W.3d 458, 485 (Tenn. 2002); *State v. McLeod*, 937 S.W.2d 867, 871 (Tenn. 1996). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. All relevant evidence is admissible unless specifically excepted by constitution, statute, rules of evidence, or rules of general application. Tenn. R. Evid. 402. The transcript was incomplete, from an unrelated case, and involved a different defendant. Furthermore, the statements that petitioner sought to introduce were not even made by the officer involved in petitioner's case but by the officer's attorney. Due to this tenuous connection, the trial court did not abuse its discretion in excluding the partial transcript from evidence.

## CONCLUSION

Based on the parties' briefs, the record, and the applicable law, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE